## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between, on the one hand, JEFFREY AGONATH, JAMES ALLEN, BRIAN DALEY, KEVIN RODGERS, MICHAEL GALARZA, PAUL D'ASCOLI, JOSEPH FERRARO, RICHARD JEAN, FRANK LEONE, STEVEN MCKENZIE, MARIA PAREDES, ANTHONY SEGUNA, DIANNA THOMPSON, CARLOS ADUVIRI, and MICHAEL TURNER (collectively "Plaintiffs") and, on the other hand, INTERSTATE HOME LOAN CENTER, INC., ALEX NIVEN and TERRENCE CULLEN (collectively, "Defendants") (Defendants and Plaintiffs collectively, the "Parties" and each individual party a "Party").

WHEREAS, on or about September 7, 2017, Plaintiffs JEFFREY AGONATH, JAMES ALLEN, BRIAN DALEY, KEVIN ROGERS and MICHAEL GALARZA initiated legal action against Defendants in the United States District Court for the Eastern District of New York (the "Action"), entitled *Agonath, et al. v. Interstate Home Loan Center, Inc., et al.*; 17-cv-05267 (NRM)(SIL) in which Plaintiffs alleged violations of the Fair Labor Standards Act ("FLSA") for unpaid overtime compensation, violations of the New York Labor Law ("NYLL") for unpaid overtime compensation, violations of the Illinois Minimum Wage Law ("IMWL") for unpaid minimum wages and overtime compensation, violations of the Illinois Wage Payment and Collection Act ("IWPCA") for unpaid salaries and commissions, and for breach of contract for failing to pay contractual sign on bonuses and salaries; and,

WHEREAS, after the filing of the Action, Opt-In Plaintiffs, PAUL D'ASCOLI, JOSEPH FERRARO, RICHARD JEAN, FRANK LEONE, STEVEN MCKENZIE, MARIA PAREDES, ANTHONY SEGUNA, DIANNA THOMPSON, CARLOS ADUVIRI, and MICHAEL TURNER filed consents to join the Action as party Plaintiffs; and,

WHEREAS, in the Action, Plaintiffs have alleged, among other things, that Defendants failed to pay them overtime compensation in connection with services that they performed on Defendants' behalf; and,

WHEREAS, Defendants deny all liability and all allegations of wrongdoing made by Plaintiffs and the Court has not made any findings with respect to the merits of any of the claims asserted in the Action, or otherwise; and,

WHEREAS, the Parties desire to resolve all disagreements between them, including those asserted in the Action, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

NOW, THEREFORE, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1.   **Consideration:** The Parties are entering into this Agreement in exchange for good and valuable consideration. Plaintiffs agree that they will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 below,

in relation to the released claims in Paragraph 3 below. In addition, Plaintiffs agree that the amount being paid to them represents all alleged unpaid wages and other alleged damages relating to their FLSA, NYLL, IMWL, IWPCA, and breach of contract claims from the commencement of their respective employment with Defendants to the present, including interest, monetary penalties, liquidated damages, and attorneys' fees and costs.

2.     **Settlement Amount and Payment:**

      a.     As a full settlement and final satisfaction of the FLSA, NYLL, IMWL, IWPCA, and breach of contract claims that Plaintiffs have, had, or may have against Defendants, and in consideration for the agreements and obligations set forth herein, including, but not limited to, the limited release set forth in Paragraph 3 below, Defendants agree to pay Plaintiffs the total sum of Four-Hundred Twenty-Five-Thousand Dollars and Zero Cents ($425,000.00) (the "Settlement Amount"), as follows:

      i.     On or before January 31, 2024, Defendants shall make a payment in the amount of Fifty-Thousand Dollars and Zero Cents ($50,000.00), payable to The NHG Law Group, P.C., as attorneys, to be distributed in accordance with the Payment Schedule annexed hereto.

      ii.     On or before March 1, 2024 and continuing for a period of twenty-three (23) consecutive additional months, Defendants shall make a payment on or before the first day of each month in the amount of Fifteen-Thousand Six Hundred Twenty-Five Dollars and Zero Cents ($15,625.00), payable to The NHG Law Group, P.C., as attorneys, to be distributed in accordance with the Payment Schedule annexed hereto.

      b.     For the avoidance of doubt, of the amounts represented in Sub-Paragraph (a) above, JEFFREY AGONATH shall receive a total of $16,000.00; JAMES ALLEN shall receive a total of $17,500.00; BRIAN DALEY shall receive a total of $7,000.00; KEVIN ROGERS shall receive a total of $4,000.00; MICHAEL GALARZA shall receive a total of $58,000.00 (representing $68,750.00 minus a Default Judgment vacatur in the amount of $10,750.00); PAUL D'ASCOLI shall receive a gross total of $35,000.00; JOSEPH FERRARO shall receive a gross total of $7,000.00; RICHARD JEAN shall receive a gross total of $4,000.00; FRANK LEONE shall receive a gross total of $4,000.00; STEVEN MCKENZIE shall receive a gross total of $31,000.00; MARIA PAREDES shall receive a gross total of $21,000.00; CARLOS ADUVIRI shall receive a gross total of $31,000.00; ANTHONY SEGUNA shall receive a gross total of $7,500.00; DIANNA THOMPSON shall receive a gross total of $19,000.00; and MICHAEL TURNER shall receive a gross total of $11,000.00; and Plaintiffs' counsel shall receive a total of $152,000.00.

      c.     Until and unless the settlement is approved by the presiding Court and the Action is dismissed with prejudice, all checks set forth in Subsections a-b of this Paragraph shall be delivered to, and held in escrow by Defendants' counsel, MITCHELL SANDLER.

      d.      Within ten (10) days of the date that settlement approval by the Court and endorsement of the fully-executed Stipulation of Dismissal (Ex. B hereto) by the Court have both occurred, any checks held in escrow by Defendants' counsel in accordance with Subsection c of this Paragraph shall be delivered by Defendants' counsel to The NHG Law Group, P.C., 4242 Merrick Road, Massapequa, New York 11758.

      e.      The payments set forth in this Paragraph shall be delivered to The NHG Law Group, P.C., 4242 Merrick Road, Massapequa, New York 11758.

      f.      Prior to Defendants paying any portion of the Settlement Amount to a particular Plaintiff, Defendants shall receive a fully executed IRS Form W-9 from such Plaintiff and a fully executed IRS Form W-9 from Plaintiffs' attorneys. A Plaintiff's failure to provide said IRS Form shall not impede the distribution of any other Plaintiff's Settlement Amount or that of Plaintiffs' counsel.

      g.      Plaintiffs agree and affirm that the Settlement Amount described in this Paragraph shall constitute the entire amount of monetary consideration provided to Plaintiffs and Plaintiffs' legal counsel, and is inclusive of any claim for attorneys' fees, costs, interest, and/or other expenses. Except as provided in this Agreement, no other payments are owed to Plaintiffs relating to their FLSA, NYLL, IMWL, IWPCA, and breach of contract claims.

**3.**      **Plaintiffs' Release of All FLSA, NYLL, IMWL, IWPCA, and Breach of Contract Related Claims:** Plaintiffs understand and agree that the Settlement Amount is in full satisfaction of any and all obligations Defendants, together with any successors, affiliates, assigns, administrator, executors, officers, directors, employees, attorneys, insurers, legal successors, members, and shareholders, in their own respective capacity as such (collectively, "Released Parties") may have with respect to Plaintiffs' claims for alleged unpaid overtime wages, minimum wages, sign-on bonuses, salary, commissions, liquidated damages, statutory penalties, record-keeping violations, interest, and attorneys' fees and disbursements under the wage and hour provisions of the FLSA, NYLL, IMWL, IWPCA and any other applicable wage and hour payment laws, rules, or regulations for anything that has occurred up to the Effective Date (as defined below) of this Agreement. Plaintiffs hereby completely release all wage and hour claims against Released Parties and release and forever discharge Released Parties with prejudice to the fullest extent permitted by law from all actions, claims, and/or causes of action, including their breach of contract claims, which Plaintiffs, Plaintiffs' heirs, executors, administrators, successors, and/or assigns may now have or hereafter can, shall, or may have against Released Parties from the beginning of time up to and including the Effective Date of this Agreement for any alleged violation of the FLSA, 29 U.S.C. § 201 *et seq.*, the NYLL, their respective governing regulations, the IMWL, and the IWPCA.

**4.**      **Failure to Make Timely Payment:**

      a.      If Defendants fail to timely pay any portion of the Settlement Amount as set forth in Paragraph 2 above ("Default") to Plaintiffs, or any one or more of them, Plaintiffs, or any one or more of them, shall serve a written Notice of Default on Defendants, pursuant to Paragraph

25 below. Defendants shall have thirty (30) days from the service of the Notice of Default (the "Cure Period") to cure any such Default.

   b. If Defendants fail to cure any Default within the Cure Period, the Settlement Amount set forth in Paragraph 2 will automatically increase to Five-Hundred Fifty Thousand Dollars and Zero Cents ($550,000.00), less any payments made to date ("Default Amount") and become due immediately. Plaintiffs, or any one or more of them, will be entitled to enter a Judgment by Confession against Defendants, jointly and severally, in the amount of the Default Amount in accordance with the terms of the Affidavit of Judgment of Confession.

   c. Defendants ALEX NIVEN and TERRENCE CULLEN, individually and on behalf of INTERSTATE HOME LOAN CENTER, INC., shall execute Affidavits of Judgment by Confession, in the form attached hereto at Exhibit A. The Affidavits of Judgment by Confession shall be held in escrow by Plaintiffs' legal counsel and the originals and any photocopies/duplicates of same shall be destroyed upon the completion of the payments by Defendants as set forth in Paragraph 2 above.

   5. <u>Third-Party Beneficiary</u>: Defendants agree and acknowledge that The NHG Law Group, P.C. is an Intended Third-Party Beneficiary of this Agreement and is entitled to the rights and benefits of that portion of the Settlement Amount allocated to The NHG Law Group, P.C. in Paragraph 2 above, and may enforce the provisions of this Agreement as if it were a party hereto. If Defendants breach Paragraph 2 above as it pertains to that portion of the Settlement Amount allocated to The NHG Law Group, P.C., as determined by a Court of competent jurisdiction, The NHG Law Group, P.C. will be entitled to seek that portion of the Settlement Amount allocated to it as described therein and shall be entitled to reasonable attorneys' fees and costs incurred in enforcing its rights under this Agreement, provided that The NHG Law Group, P.C. is a prevailing party.

   6. <u>Taxes</u>: Plaintiffs assume full responsibility for their respective portions of the

Settlement Amount for any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiffs under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiffs pursuant to this Agreement. If the Internal Revenue Service or any other federal, state or local government, administrative agency, or court determines that any Plaintiff and/or any Defendant is liable for any failure by any Plaintiff to pay federal, state or local income or employment taxes with respect to the Settlement Amount set forth in this Agreement, or liable for interest or penalties related thereto, such Plaintiff agrees to hold Defendants harmless for any such liability, except for Defendants' employer-related payroll taxes, including without limitation, FICA and/or FUTA, if any. This provision is not meant to impose liability on any Plaintiff for the failure of any other Plaintiff to pay federal, state or local income or employment taxes with respect to the Settlement Amount set forth in this Agreement. Plaintiffs have had the opportunity to obtain advice from a tax professional, and Defendants make no representation as to the taxability of the consideration provided under this Agreement.

7.      **Vacatur of Interstate Home Loan Center, Inc. Default Judgment Against Michael Galarza:** On or about February 24, 2023, Interstate Home Loan Center, Inc. obtained a default judgment against Michael Galarza in the amount of $10,750.00 in the matter *Interstate Home Loan Center Inc. v. Galarza et al.*, Suffolk County Index No.: 01575/2015. As part of this Agreement, Defendants shall vacate and forgive the default judgment Interstate Home Loan Center Inc. obtained against Michael Galarza. As part of this Agreement, the settlement amount to be paid to Michael Galarza shall include the amount of the default judgment, $10,750.00.

8.      **Paul D'Ascoli Appeal:** Opt-in Plaintiff Paul D'Ascoli currently has an appeal pending at the Supreme Court of the State of New York, Appellate Division, Second Department arising out claims he asserted against Defendants in the matter *D'Ascoli v. Interstate Home Loan Center, Inc. et al.*, Nassau County Index No.: 617362/2018, Appellate Division Docket No.: 2020-01268. Paul D'Ascoli's claims in that matter are for alleged unpaid commissions and override bonuses in the sum of $15,000.00. As part of this Agreement, Paul D'Ascoli will be compensated $15,000.00 in addition to the settlement amount that he is receiving for his FLSA overtime claims. In return, Paul D'Ascoli agrees that irrespective of the outcome of his appeal, he will not pursue such claims against Defendants as such claims are being resolved in accordance with this Agreement.

9.      **Covenant Not to Sue:** Plaintiffs agree not to file a lawsuit or commence any other legal proceeding against Defendants concerning any matter released in this Agreement. If any Plaintiff breaches this Paragraph, as determined by a Court of competent jurisdiction, Defendants will be entitled to seek recovery of their costs, including reasonable attorneys' fees, relating to the enforcement of this Agreement and/or defense of such claims from that Plaintiff, provided that Defendants are a prevailing Party. This provision is not intended to impose liability on any Plaintiff who has not breached this Paragraph.

10.     **Filing of Stipulation of Dismissal with Prejudice:** The Parties hereby authorize their respective counsel to execute a Stipulation of Dismissal with Prejudice contemporaneously with the execution of this Agreement, which will be filed with the Court along with Plaintiffs' Motion for FLSA Settlement Approval. The Stipulation of Dismissal shall include dismissing Defendants Kenneth Tumsuden and Ellen Zuckerman from this matter.

11.     **No Admission of Liability:** Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiffs have asserted, could have asserted, or may assert in connection with Plaintiffs' employment with Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiffs, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

12.     **No Pending Claims:** Plaintiffs hereby represent that other than this Action and the D'Ascoli appeal, there are no other pending actions (either jointly or individually), administrative charges or complaints, grievances, or arbitrations involving the released claims against Defendants with any federal, state, or local administrative agency, judicial tribunal, arbitration tribunal, or otherwise.

13. **Non-Disparagement**: Plaintiffs agree that they shall not make any statement, written, oral, or electronic, which in any way disparages Defendants, including any individual known to be employed by Defendants, or Defendants' business practices. Plaintiffs further agree to take no action which is intended, or would reasonably be expected, to harm Defendants, including any individual known to be employed by Defendants, or their reputations, or which reasonably be expected to lead to unwanted or unfavorable publicity to Defendants or any individual known to be employed by Defendants. Plaintiffs shall be entitled to make truthful statements about their experiences litigating the Action.

14. **Breach:** If it is established that any Party breached this Agreement, as determined by a court of competent jurisdiction, then the non-breaching Party shall be entitled to proven damages and an award of reasonable attorneys' fees and costs incurred in enforcing his/her/its rights under this Agreement, provided that the non-breaching Party is a prevailing Party.

15. **Choice of Law and Forum:** This Agreement shall in all respects be interpreted, enforced, and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles. Any dispute, claim, or cause of action arising out of, or related to, this Agreement shall be commenced only in a court of competent jurisdiction located in the County of Suffolk, State of New York; or (ii) the United States District Court for the Eastern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute, or disagreement, and the Parties consent to the personal jurisdiction of those courts. The parties expressly waive the right to a jury trial in any dispute, claim, or cause of action arising out of, or related to, this Agreement.

16. **Effective Date:** This Agreement shall become effective as of the date the final signatory executes this Agreement.

17. **Entire Agreement:** The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes and replaces any and all prior agreements, contracts, term sheets, promises, understandings, or representations, whether oral or written, express or implied, including any arbitration agreements, if any, between the Parties hereto regarding the subject matter herein. There is no other agreement pertaining to the subject matter herein except as stated herein. Each Party acknowledges that the other has made no promises relating to the subject matter herein other than those contained in this Agreement.

18. **Severability:** The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision(s) shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

19. **Modification and Waiver:** This Agreement may not be changed, modified, or supplemented unless such change, modification, or supplementation is in writing and signed by the Parties. No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. The failure of any Party to insist on strict adherence to any term

hereof on any occasion shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term hereof.

20. **Neutral Construction and Fair Meaning**: Each party to this Agreement was represented by counsel who had the opportunity to review and participate in the drafting of this Agreement and, accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed or used in any interpretation or enforcement of this Agreement. Accordingly, the language and all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any particular Party hereto.

21. **Assignment of Claims**: Plaintiffs hereby represent and warrant that they have not assigned or transferred or purported to assign or transfer to anyone any claim, action, or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

22. **Counterparts**: This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it and all of which taken together shall constitute one and the same documents. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

23. **Headings**: The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

24. **Facsimile, Email, and Electronic Signatures**: A facsimile or email copy of this Agreement will have the same force and effect as the original. The use of an electronic signature shall have the same validity and effect as the use of a signature affixed by hand, and the Parties hereby waive any objection to the contrary.

25. **Competence and Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they are fully competent and have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and/or entities for which or for whom they have signed, and that they are acting within the scope of their authority.

26. **Notices**: Any notice that the Parties are required to give to the other(s) pursuant to this Agreement shall be addressed to such other Party as set forth below and delivered via USPS First Class Mail with courtesy copies sent via email. Notice shall be deemed served from the date of such mailing.

| Plaintiffs | Defendants |
|---|---|
| THE NHG LAW GROUP, P.C. <br> c/o Justin M. Reilly, Esq. <br> *Attorneys for Plaintiffs* <br> 4242 Merrick Road <br> Massapequa, New York 11758 <br> justin@nhglaw.com | MITCHELL SANDLER <br> c/o Ari Karen, Esq. <br> *Attorneys for Defendants* <br> 1120 20th Street, NW, Suite 725 <br> Washington, DC 20036 <br> akaren@mitchellsandler.com |

| cc: nhglaw@nhglaw.com | |
|---|---|

**SIGNATURE PAGE FOLLOWS**

DocuSign Envelope ID: 7DC14096-1660-436D-907A-D1BB7D0107C7

The Parties to this Agreement, with the benefit of representation and advice of counsel, have read the foregoing Agreement or have had it read to them in his/her primary language and fully understand each and every provision contained herein, and intend to be legally bound by its provisions. Each Party affirms that he/she/it freely and knowingly, after due consideration, enters into this Agreement.

WHEREFORE, the Parties have executed this Agreement on the date shown below.

AGREED:

_____
**JEFFREY AGONATH**

Dated: _____ November 21, 2023 _____

_____
**JAMES ALLEN**

Dated: _____

_____
**BRIAN DALEY**

Dated: _____

_____
**KEVIN ROGERS**

Dated: _____

_____
**MICHAEL GALARZA**

Dated: _____

_____
**PAUL D'ASCOLI**

Dated: _____

_____
**JOSEPH FERRARO**

Dated: _____

_____
**RICHARD JEAN**

Dated:_____

_____
**FRANK LEONE**

Dated: _____

DocuSign Envelope ID: 9BCAC470-9DB8-4456-962C-16D4B9820A0E

The Parties to this Agreement, with the benefit of representation and advice of counsel, have read the foregoing Agreement or have had it read to them in his/her primary language and fully understand each and every provision contained herein, and intend to be legally bound by its provisions. Each Party affirms that he/she/it freely and knowingly, after due consideration, enters into this Agreement.

WHEREFORE, the Parties have executed this Agreement on the date shown below.

AGREED:

_____     Dated: _____
**JEFFREY AGONATH**

_JAMES ALLEN_
_____     Dated: _____November 22, 2023_____
**JAMES ALLEN**

_____     Dated: _____
**BRIAN DALEY**

_____     Dated: _____
**KEVIN ROGERS**

_____     Dated: _____
**MICHAEL GALARZA**

_____     Dated: _____
**PAUL D'ASCOLI**

_____     Dated: _____
**JOSEPH FERRARO**

_____     Dated: _____
**RICHARD JEAN**

_____     Dated: _____
**FRANK LEONE**

DocuSign Envelope ID: 6F445D39-27CE-4768-8CBB-9B2F818C7219

The Parties to this Agreement, with the benefit of representation and advice of counsel, have read the foregoing Agreement or have had it read to them in his/her primary language and fully understand each and every provision contained herein, and intend to be legally bound by its provisions. Each Party affirms that he/she/it freely and knowingly, after due consideration, enters into this Agreement.

WHEREFORE, the Parties have executed this Agreement on the date shown below.

AGREED:

_____     Dated: _____
**JEFFREY AGONATH**

_____     Dated: _____
**JAMES ALLEN**

_____     Dated: November 21, 2023
**BRIAN DALEY**                          _____

_____     Dated: _____
**KEVIN ROGERS**

_____     Dated: _____
**MICHAEL GALARZA**

_____     Dated: _____
**PAUL D'ASCOLI**

_____     Dated: _____
**JOSEPH FERRARO**

_____     Dated: _____
**RICHARD JEAN**

_____     Dated: _____
**FRANK LEONE**

DocuSign Envelope ID: E5E9AC41-075A-4DA0-BED8-48B922CFA821

The Parties to this Agreement, with the benefit of representation and advice of counsel, have read the foregoing Agreement or have had it read to them in his/her primary language and fully understand each and every provision contained herein, and intend to be legally bound by its provisions. Each Party affirms that he/she/it freely and knowingly, after due consideration, enters into this Agreement.

WHEREFORE, the Parties have executed this Agreement on the date shown below.

AGREED:

_____     Dated: _____
**JEFFREY AGONATH**


_____     Dated: _____
**JAMES ALLEN**


_____     Dated: _____
**BRIAN DALEY**


_____     Dated: ___November 21, 2023_____
**KEVIN ROGERS**


_____     Dated: _____
**MICHAEL GALARZA**


_____     Dated: _____
**PAUL D'ASCOLI**


_____     Dated: _____
**JOSEPH FERRARO**


_____     Dated: _____
**RICHARD JEAN**


_____     Dated: _____
**FRANK LEONE**

DocuSign Envelope ID: AC1C302B-F639-459C-815F-EB72E73E9B89

The Parties to this Agreement, with the benefit of representation and advice of counsel, have read the foregoing Agreement or have had it read to them in his/her primary language and fully understand each and every provision contained herein, and intend to be legally bound by its provisions. Each Party affirms that he/she/it freely and knowingly, after due consideration, enters into this Agreement.

WHEREFORE, the Parties have executed this Agreement on the date shown below.

AGREED:


_____          Dated: _____

**JEFFREY AGONATH**


_____          Dated: _____

**JAMES ALLEN**


_____          Dated: _____

**BRIAN DALEY**


_____          Dated: _____

**KEVIN ROGERS**

*Michael Galarza*
_____          Dated: _____November 22, 2023_____

**MICHAEL GALARZA**


_____          Dated: _____

**PAUL D'ASCOLI**


_____          Dated: _____

**JOSEPH FERRARO**


_____          Dated:_____

**RICHARD JEAN**


_____          Dated: _____

**FRANK LEONE**

DocuSign Envelope ID: 33E3C7C2-B6C6-4B40-810F-7EE515F9E0DC

The Parties to this Agreement, with the benefit of representation and advice of counsel, have read the foregoing Agreement or have had it read to them in his/her primary language and fully understand each and every provision contained herein, and intend to be legally bound by its provisions. Each Party affirms that he/she/it freely and knowingly, after due consideration, enters into this Agreement.

WHEREFORE, the Parties have executed this Agreement on the date shown below.

AGREED:

_____          Dated: _____
**JEFFREY AGONATH**


_____          Dated: _____
**JAMES ALLEN**


_____          Dated: _____
**BRIAN DALEY**


_____          Dated: _____
**KEVIN ROGERS**


_____          Dated: _____
**MICHAEL GALARZA**


_____          Dated: __November 21, 2023__
**PAUL D'ASCOLI**


_____          Dated: _____
**JOSEPH FERRARO**


_____          Dated: _____
**RICHARD JEAN**


_____          Dated: _____
**FRANK LEONE**

DocuSign Envelope ID: 2C150E49-67B1-44E9-A2E3-D734676F6263

The Parties to this Agreement, with the benefit of representation and advice of counsel, have read the foregoing Agreement or have had it read to them in his/her primary language and fully understand each and every provision contained herein, and intend to be legally bound by its provisions. Each Party affirms that he/she/it freely and knowingly, after due consideration, enters into this Agreement.

WHEREFORE, the Parties have executed this Agreement on the date shown below.

AGREED:

_____     Dated: _____
JEFFREY AGONATH

_____     Dated: _____
JAMES ALLEN

_____     Dated: _____
BRIAN DALEY

_____     Dated: _____
KEVIN ROGERS

_____     Dated: _____
MICHAEL GALARZA

_____     Dated: _____
PAUL D'ASCOLI

_____     Dated: _____ November 21, 2023 _____
JOSEPH FERRARO

_____     Dated: _____
RICHARD JEAN

_____     Dated: _____
FRANK LEONE

DocuSign Envelope ID: F5893B78-1DAF-4D92-8A91-4A1FC0716AAE

The Parties to this Agreement, with the benefit of representation and advice of counsel, have read the foregoing Agreement or have had it read to them in his/her primary language and fully understand each and every provision contained herein, and intend to be legally bound by its provisions. Each Party affirms that he/she/it freely and knowingly, after due consideration, enters into this Agreement.

WHEREFORE, the Parties have executed this Agreement on the date shown below.

AGREED:


_____          Dated: _____
**JEFFREY AGONATH**


_____          Dated: _____
**JAMES ALLEN**


_____          Dated: _____
**BRIAN DALEY**


_____          Dated: _____
**KEVIN ROGERS**


_____          Dated: _____
**MICHAEL GALARZA**


_____          Dated: _____
**PAUL D'ASCOLI**


_____          Dated: _____
**JOSEPH FERRARO**


_____          Dated: November 30, 2023
**RICHARD JEAN**                                   _____


_____          Dated: _____
**FRANK LEONE**

DocuSign Envelope ID: 6B294D15-EF6C-4DE8-ACFE-4A2F1253F487

The Parties to this Agreement, with the benefit of representation and advice of counsel, have read the foregoing Agreement or have had it read to them in his/her primary language and fully understand each and every provision contained herein, and intend to be legally bound by its provisions. Each Party affirms that he/she/it freely and knowingly, after due consideration, enters into this Agreement.

WHEREFORE, the Parties have executed this Agreement on the date shown below.

AGREED:

_____   Dated: _____

**JEFFREY AGONATH**

_____   Dated: _____

**JAMES ALLEN**

_____   Dated: _____

**BRIAN DALEY**

_____   Dated: _____

**KEVIN ROGERS**

_____   Dated: _____

**MICHAEL GALARZA**

_____   Dated: _____

**PAUL D'ASCOLI**

_____   Dated: _____

**JOSEPH FERRARO**

_____   Dated: _____

**RICHARD JEAN**

_____*Frank Leone*_____   Dated: ____November 22, 2023____

**FRANK LEONE**

DocuSign Envelope ID: 5AA0B780-EB88-4E38-93E5-379991C761E8

_Steven Mckenzie_

_____          Dated: _November 27, 2023_
**STEVEN MCKENZIE**


_____          Dated: _____
**MARIA PAREDES**


_____          Dated: _____
**ANTHONY SEGUNA**


_____          Dated: _____
**DIANNA THOMPSON**


_____          Dated: _____
**MICHAEL TURNER**


_____          Dated: _____
**INTERSTATE HOME LOAN CENTER, INC.**
By: Alex J. Niven


_____          Dated: _____
**ALEX J. NIVEN**


_____          Dated: _____
**TERRENCE CULLEN**

DocuSign Envelope ID: 7492EF67-0241-4750-AD59-A7F6A4892B95

_____          Dated: _____
**STEVEN MCKENZIE**

_Maria Paredes_
_____          Dated: November 22, 2023
**MARIA PAREDES**                                _____


_____          Dated: _____
**ANTHONY SEGUNA**


_____          Dated: _____
**DIANNA THOMPSON**


_____          Dated: _____
**MICHAEL TURNER**


_____          Dated: _____
**INTERSTATE HOME LOAN CENTER, INC.**
By: Alex J. Niven


_____          Dated: _____
**ALEX J. NIVEN**


_____          Dated: _____
**TERRENCE CULLEN**

DocuSign Envelope ID: 476AD2DB-59D9-420B-94FE-8B6E41B56C1C

_____            Dated: _____
**STEVEN MCKENZIE**


_____            Dated: _____
**MARIA PAREDES**

_____            Dated: November 21, 2023
**ANTHONY SEGUNA**


_____            Dated: _____
**DIANNA THOMPSON**


_____            Dated: _____
**MICHAEL TURNER**


_____            Dated: _____
**INTERSTATE HOME LOAN CENTER, INC.**
By: Alex J. Niven

_____            Dated: _____
**ALEX J. NIVEN**


_____            Dated: _____
**TERRENCE CULLEN**

DocuSign Envelope ID: 16130512-9C9B-43D8-8D5F-71B65E9DF400

_____          Dated: _____

**STEVEN MCKENZIE**

_____          Dated: _____

**MARIA PAREDES**

_____          Dated: _____

**ANTHONY SEGUNA**

*Dianna Thompson*

_____          Dated: November 30, 2023
                                                  _____
**DIANNA THOMPSON**

_____          Dated: _____

**MICHAEL TURNER**

_____          Dated: _____

**INTERSTATE HOME LOAN CENTER, INC.**
By: Alex J. Niven

_____          Dated: _____

**ALEX J. NIVEN**

_____          Dated: _____

**TERRENCE CULLEN**

DocuSign Envelope ID: C62B2E08-8EF5-48AA-875D-8937D3E543C0

_____          Dated: _____

**STEVEN MCKENZIE**


_____          Dated: _____

**MARIA PAREDES**


_____          Dated: _____

**ANTHONY SEGUNA**


_____          Dated: _____

**DIANNA THOMPSON**

_____ _Michael Turner_ _____       Dated: _December 1, 2023_

**MICHAEL TURNER**


_____          Dated: _____

**INTERSTATE HOME LOAN CENTER, INC.**
By: Alex J. Niven

_____          Dated: _____

**ALEX J. NIVEN**


_____          Dated: _____

**TERRENCE CULLEN**

DocuSign Envelope ID: C5A7A570-9A38-41D1-9D7C-10C0F85773DA

_____          Dated: _____

**STEVEN MCKENZIE**


_____          Dated: _____

**MARIA PAREDES**


_____          Dated: _____

**ANTHONY SEGUNA**


_____          Dated: _____

**DIANNA THOMPSON**


_____          Dated: _____

**MICHAEL TURNER**

*Carlos Aduviri*
_____          Dated: __November 22, 2023__

**CARLOS ADUVIRI**


_____          Dated: _____

**INTERSTATE HOME LOAN CENTER, INC.**
By: Alex J. Niven


_____          Dated: _____

**ALEX J. NIVEN**


_____          Dated: _____

**TERRENCE CULLEN**

STEVEN MCKENZIE

Dated:

MARIA PAREDES

Dated:

ANTHONY SEGUNA

Dated:

DIANNA THOMPSON

Dated:

MICHAEL TURNER

Dated:

INTERSTATE HOME LOAN CENTER, INC.
By: Alex J. Niven

Dated: 12/28/2023

ALEX J. NIVEN

Dated: 12/8/2023

TERRENCE CULLEN

Dated: 12/8/23

# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
JEFFREY AGONATH, JAMES ALLEN, BRIAN DALEY, KEVIN ROGERS, and MICHAEL GALARZA, Individually and on Behalf of All Others Similarly Situated,

                   Plaintiffs,

    -against-

INTERSTATE HOME LOAN CENTER, INC., TERRENCE CULLEN, ALEX NIVEN, KENNETH TUMSUDEN, and ELLEN ZUCKERMAN,

                   Defendants.
-----------------------------------------------------------X

**17-cv-5267 (NRM)(SIL)**

**AFFIDAVIT FOR JUDGMENT BY CONFESSION**

**ALEX J. NIVEN**, being duly sworn, deposes and says:

1.    I am an Individual Defendant named in the above-captioned action (the "Action").

2.    I am a principal and authorized agent of Defendant, INTERSTATE HOME LOAN CENTER, INC., named in the Action.

3.    INTERSTATE HOME LOAN CENTER, INC. and I are collectively referred to herein as "Defendants."

4.    I am duly authorized to make this affidavit in support of the application of Plaintiffs, JEFFREY AGONATH, JAMES ALLEN, BRIAN DALEY, KEVIN ROGERS, MICHAEL GALARZA, PAUL D'ASCOLI, JOSEPH FERRARO, RICHARD JEAN, FRANK LEONE, STEVEN MCKENZIE, MARIA PAREDES, ANTHONY SEGUNA, DIANNA THOMPSON, and MICHAEL TURNER (collectively, "Plaintiffs"), or any one or more of them, for the entry of a Judgment by Confession against me and INTERSTATE HOME LOAN CENTER, INC., jointly

- 1 -

and severally, pursuant to the terms of a certain Settlement Agreement and Release between the Parties (the "Settlement Agreement").

5.      I am a resident of the County of Suffolk, State of New York.

6.      INTERSTATE HOME LOAN CENTER, INC. is domiciled and authorized to conduct business in the County of Suffolk, State of New York.

7.      I hereby authorize the entry of Judgment by Confession to be entered with the clerk of any court of competent jurisdiction located in the County of Suffolk, State of New York, upon the occurrence of all the following events: (i) a Default by Defendants in the timely payment of any portion of the Settlement Amount (defined below) to Plaintiffs, or any one or more of them; (ii) service of a Notice of Default pursuant to the Settlement Agreement; and, (iii) failure of Defendants to cure such Default within the 30-day Cure Period, as defined in the Settlement Agreement.

8.      Upon the occurrence of all the events set forth in Paragraph 7 above, I hereby confess judgment in favor of Plaintiffs, or any one or more of them, including their heirs, executors, administrators, or assigns, and against INTERSTATE HOME LOAN CENTER, INC. and ALEX J. NIVEN, jointly and severally, for the sum of Five-Hundred Fifty-Thousand Dollars and Zero Cents ($550,000.00), less any payments made to date by Defendants pursuant to the Settlement Agreement entered into between the Parties in the Action.

9.      This Judgment by Confession is for a debt justly due to Plaintiffs arising out of the following facts:

      a.      In or about October 2023, Defendants agreed to pay Plaintiffs the total sum of Four-Hundred Twenty-Five-Thousand Dollars and Zero Cents ($425,000.00) (the "Settlement Amount") in exchange for the dismissal of the Actions, with prejudice, and the Parties thereto executed the Settlement Agreement;

b.      The Parties also agreed that in the event that Defendants failed to adhere to the payment schedule required in Paragraph 2 of the Settlement Agreement, upon the occurrence of a Default, and following Notice of Default and the failure of Defendants to cure such Default within the Cure Period, as defined in the Settlement Agreement, Plaintiffs would be entitled to enter a Judgment by Confession against Defendants, jointly and severally, in the amount of Five-Hundred Fifty-Thousand Dollars and Zero Cents ($550,000.00), less any payments made to date, as defined in the Settlement Agreement;

c.      Under the terms of the Settlement Agreement, ALEX J. NIVEN agreed to execute the instant Affidavit for Judgment by Confession on behalf of himself and INTERSTATE HOME LOAN CENTER, INC. to be held in escrow by Plaintiffs' attorneys;

d.      Plaintiffs agreed that prior to entering any Judgment by Confession, Plaintiffs would serve a written Notice of Default on Defendants;

e.      Plaintiffs further agreed that such Notice of Default would provide Defendants thirty (30) days to cure any such default and that Plaintiffs will not be entitled to file the Affidavit of Judgment by Confession if Defendants cure the Default within said 30-day period.

10.     In the event of such a Default and subsequent entry of Judgment by Confession, in addition to the confessed amount described in Paragraph 8, Defendants agree to pay and be indebted to Plaintiffs for the attorneys' fees and costs incurred in entering and enforcing the Judgment.

11.     This Affidavit for Judgment by Confession is not for the purpose of securing any Plaintiff against a contingent liability nor is it based upon a consumer credit transaction.

12.     Entry of Judgment herein may be made upon the submission of an Affidavit by Plaintiffs, or any one or more of them, or their counsel, stating that a Default has occurred under the terms of the Settlement Agreement, that Plaintiffs have served a Notice of Default as set forth in the Settlement Agreement, and that Defendants have failed to cure the Default within the Cure Period, and properly setting forth the Judgment Amount, less any payments made.

Dated: _____, 2023

_____
ALEX J. NIVEN, individually and on behalf of INTERSTATE HOME LOAN CENTER, INC.

STATE OF NEW YORK )
                 ) ss.:
COUNTY OF SUFFOLK )

On _____, 2023, before me personally came ALEX J. NIVEN, to me known, and known to me to be the individual described herein, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JEFFREY AGONATH, JAMES ALLEN,       17 CV 5267 (NM)(SIL)
BRIAN DALEY, KEVIN ROGERS and
MICHAEL GALARZA, Individually and
on Behalf of All Others Similarly Situated,

                Plaintiffs,

    -against-

INTERSTATE HOME LOAN CENTERS,
INC., TERRENCE CULLEN, ALEX NIVEN,
KENNETH TUMSUDEN, JEANNE WICKS
and ELLEN ZUCKERMAN,

                Defendants.
--------------------------------------------------------X

## STIPULATION OF DISMISSAL WITH PREJUDICE

**IT IS STIPULATED AND AGREED** by and between the undersigned counsel for

Plaintiffs and Defendants that this action is hereby dismissed with prejudice pursuant to Rule

41(a)(2) of the Federal Rules of Civil Procedure and without costs or fees to either party.

Dated: Massapequa, New York        Dated: Washington, DC
      December 8, 2023               December 8, 2023

The NHG Law Group, P.C.         Mitchell Sandler

By: Justin M. Reilly, Esq.         By: Ari Karen, Esq.
*Attorneys for the Plaintiffs*      *Attorneys for the Defendants*
4242 Merrick Road             1120 20th Street, NW, Suite 725
Massapequa, New York 11758     Washington, DC 20036
justin@nhglaw.com           akaren@mitchellsandler.com

**SO, ORDERED:**

_____
      U.S.D.J.

# EXHIBIT C

| Date of Payment | NHG Law | Agorath | Allen | Daley | Rogers | Galarza | D'Ascoli | Segura | Paredes | McKenzie | Thompson | Aduvil | Ferraro | Jean | Leone | Turner | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| January 31, 2024 | $ 27,008.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 2,992.00 | | | | | | | | | | $ 50,000.00 |
| March 1, 2024 | $ 5,208.00 | $ 2,000.00 | $ 2,000.00 | $ 1,500.00 | | $ 2,250.00 | $ 2,667.00 | | | | | | | | | | $ 15,625.00 |
| April 1, 2024 | $ 5,208.00 | $ 2,000.00 | $ 2,000.00 | $ 1,500.00 | | $ 2,250.00 | $ 2,667.00 | | | | | | | | | | $ 15,625.00 |
| May 1, 2024 | $ 5,208.00 | $ 2,000.00 | $ 2,000.00 | | | $ 2,250.00 | $ 2,667.00 | $ 1,500.00 | | | | | | | | | $ 15,625.00 |
| June 1, 2024 | $ 5,208.00 | $ 2,000.00 | $ 2,000.00 | | | $ 2,250.00 | $ 2,667.00 | $ 1,500.00 | | | | | | | | | $ 15,625.00 |
| July 1, 2024 | $ 5,208.00 | $ 2,000.00 | $ 2,000.00 | | | $ 2,250.00 | $ 2,667.00 | $ 1,500.00 | | | | | | | | | $ 15,625.00 |
| August 1, 2024 | $ 5,208.00 | $ 2,000.00 | $ 2,000.00 | | | $ 2,250.00 | $ 2,667.00 | $ 1,500.00 | | | | | | | | | $ 15,625.00 |
| September 1, 2024 | $ 5,208.00 | | $ 1,500.00 | | | $ 2,250.00 | $ 2,667.00 | $ 1,500.00 | $ 2,500.00 | | | | | | | | $ 15,625.00 |
| October 1, 2024 | $ 5,208.00 | | | | | $ 2,250.00 | $ 2,667.00 | | $ 2,500.00 | $ 2,500.00 | $ 500.00 | | | | | | $ 15,625.00 |
| November 1, 2024 | $ 5,208.00 | | | | | $ 2,250.00 | $ 2,667.00 | | $ 2,500.00 | $ 2,500.00 | $ 500.00 | | | | | | $ 15,625.00 |
| December 1, 2024 | $ 5,208.00 | | | | | $ 2,250.00 | $ 2,667.00 | | $ 2,500.00 | $ 2,500.00 | $ 500.00 | | | | | | $ 15,625.00 |
| January 1, 2025 | $ 5,208.00 | | | | | $ 2,250.00 | $ 2,667.00 | | $ 2,500.00 | $ 2,500.00 | $ 500.00 | | | | | | $ 15,625.00 |
| February 1, 2025 | $ 5,208.00 | | | | | $ 2,250.00 | $ 2,671.00 | | $ 2,500.00 | $ 2,500.00 | $ 500.00 | | | | | | $ 15,625.00 |
| March 1, 2025 | $ 5,208.00 | | | | | $ 2,250.00 | | | $ 2,500.00 | $ 2,500.00 | | $ 3,167.00 | | | | | $ 15,625.00 |
| April 1, 2025 | $ 5,208.00 | | | | | $ 2,250.00 | | | $ 2,500.00 | $ 2,500.00 | | $ 3,167.00 | | | | | $ 15,625.00 |
| May 1, 2025 | $ 5,208.00 | | | | | $ 2,250.00 | | | $ 1,000.00 | $ 2,500.00 | $ 1,500.00 | $ 3,167.00 | | | | | $ 15,625.00 |
| June 1, 2025 | $ 5,208.00 | | | | | $ 2,250.00 | | | | $ 2,500.00 | $ 2,500.00 | $ 3,167.00 | | | | | $ 15,625.00 |
| July 1, 2025 | $ 5,208.00 | | | | | $ 2,250.00 | | | | $ 2,500.00 | $ 2,500.00 | $ 3,167.00 | | | | | $ 15,625.00 |
| August 1, 2025 | $ 5,208.00 | | | | | $ 2,250.00 | | | | $ 2,500.00 | $ 2,500.00 | $ 3,166.00 | | | | | $ 15,625.00 |
| September 1, 2025 | $ 5,208.00 | | | | | $ 2,250.00 | | | | $ 2,500.00 | $ 2,500.00 | $ 3,167.00 | | | | | $ 15,625.00 |
| October 1, 2025 | $ 5,208.00 | | | | | $ 2,250.00 | | | | $ 1,000.00 | $ 2,500.00 | $ 3,167.00 | | | | $ 1,500.00 | $ 15,625.00 |
| November 1, 2025 | $ 5,208.00 | | | | | $ 2,250.00 | | | | | $ 2,502.00 | $ 2,167.00 | $ 1,165.00 | $ 1,000.00 | $ 1,000.00 | $ 2,000.00 | $ 15,625.00 |
| December 1, 2025 | $ 5,208.00 | | | | | $ 2,250.00 | | | | | $ 1,502.00 | $ 667.00 | $ 1,167.00 | $ 1,000.00 | $ 1,000.00 | $ 2,000.00 | $ 15,625.00 |
| January 1, 2026 | $ 5,208.00 | | | | | $ 2,250.00 | | | | | | | $ 1,167.00 | $ 1,000.00 | $ 1,000.00 | $ 2,000.00 | $ 15,625.00 |
| February 1, 2026 | $ 5,208.00 | | | | | $ 2,250.00 | | | | | | | $ 1,167.00 | $ 1,000.00 | $ 1,000.00 | $ 2,000.00 | $ 15,625.00 |
| TOTAL | $ 152,000.00 | $ 16,000.00 | $ 17,500.00 | $ 7,000.00 | $ 4,000.00 | $ 58,000.00 | $ 35,000.00 | $ 7,500.00 | $ 21,000.00 | $ 31,000.00 | $ 19,000.00 | $ 31,000.00 | $ 7,500.00 | $ 4,000.00 | $ 4,000.00 | $ 11,000.00 | $ 425,000.00 |